IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEVERLY GREEN,                )
                              )
         Plaintiff,           )
                              )
    v.                        )    No. 05 C 7115
                              )
CHICAGO BOARD OF EDUCATION,   )
                              )
         Defendant.           )

## MEMORANDUM ORDER

At the March 30, 2010 pretrial conference during which this Court conferred with counsel to address the parties' jointly submitted draft final pretrial order ("FPTO"), part of the discussion focused on the potential filing of any motions in limine, as well as this Court's identification of the need for a revised FPTO. As a result of that conference, this Court's March 30 minute order ("Order") set April 30 as the date for the submission (1) of an amended FPTO and (2) of any motions in limine with supporting memoranda, to be followed on May 14 by responses to those motions.

On April 30 this Court reviewed and entered an Amended Joint Final Pretrial Order, which had been tendered together with three defense motions in limine (Dkt. Nos. 60, 61 and 62). But then the previously scheduled response date of May 14 came and went without any input from the counsel for plaintiff Beverly Green ("Green"). This Court's minute clerk sought to follow up with Green's attorney on several occasions without success--apparently

he had other things that he viewed as more pressing than complying with a court order.

Finally the minute clerk's repeated inquiries led to counsel's filing of his brief responses to the motions in limine (Dkt. Nos. 64, 65 and 66, aggregating just eight pages!). Not only was that filing 30 days late (it was made on June 13), but to add insult to injury counsel violated this District Court's LR 5.2(f)(which has been buttressed as well by this Court's opening paragraph of its website, which reminds all counsel of that LR's mandate) by failing to deliver the required hard copies of his responses to this Court's chambers.

As chance would have it, this Court was out of the city when counsel got around to the June 13 filing, so that it learned of the filing only as the result of ordering an updated printout of the case docket.[1] As foretokened by this Court's website, it imposed a $200 fine on counsel by reason of his noncompliance. This memorandum order now turns to resolution of the three motions in limine that have been advanced by defendant Chicago Board of Education ("Board").

### Dkt. 60 and the Dkt. 64 Response

Board's counsel seeks to bar evidence of Green's prior

---

[1] As with the minute clerk's follow-up efforts, this Court's independent docket follow-up should hardly be necessary--it is of course counsel's obligation to comply with all applicable rule requirements and court orders.

evaluations by supervisors other than Tilden School Principal Leatrice Satterwhite ("Satterwhite"), who took the adverse employment action about which Green complains. That motion in limine cites to, and quotes from, <u>Fortier v. Ameritech Mobile Commc'ns, Inc.</u>, 161 F.3d 1106, 1113 (7th Cir. 1998) (citation omitted):

> Certainly, earlier evaluations cannot, by themselves, demonstrate the adequacy of performance at the crucial time when the employment action is taken. Nor can such evaluations, standing alone, create a genuine issue of triable fact when, as here, there have been substantial alterations in the employee's responsibilities and supervision in the intervening period.

But that very language confirms that such prior evaluations <u>standing alone</u> cannot head off a summary judgment, <u>not</u> that Green's past performance is irrelevant to her claim. Indeed, Judge Ripple had preceded the just-quoted language from <u>Fortier</u> with a confirmation that prior employment history may indeed be relevant and probative on occasion--and in this instance Green's performance in jobs in which she served Board over the years is clearly relevant to, and admissible as part of, the congeries of facts regarding her claim of retaliation. Hence Board's Dkt. 60 motion is denied.

<u>Dkt. 61 and the Dkt. 65 Response</u>

Board also seeks to bar evidence that charges brought against Green by a parent for assertedly having committed battery against a child during a physical fight among students in Green's

class were determined by the Department of Children and Family Services ("Department") to be unfounded. That charge had properly been reported to Department by Principal Satterwhite, and Board's counsel expresses the concern that any evidence as to Department's determination "places improper emphasis on whether Green was unjustly accused rather than on whether Principal Satterwhite violated Title VII by retaliating against Plaintiff."[2] That of course is a legitimate concern. But on the other side of the coin, for the trier of fact to hear evidence only about the charge without also getting any information as to its disposition would place Green in an unfavorable light that could well have an impact on the factfinding jury's resolution of the substantive merits of her Title VII claims--precisely the kind of consideration that underpins the inadmissibility of some evidence under Fed. R. Evid. 404(b) or 403 or both.

That would be manifestly unfair to Green. As her counsel asserts persuasively in the Dkt. 65 Response:

> 4. However, plaintiff was also disciplined for failing to properly supervise her class, an allegation which she maintains was false because she could not enter her classroom on the occasion cited in the absence of a responsible adult.
>
> 5. Plaintiff is willing to have all mention of the DCFS accusation, or its eventual result, excluded from evidence if the evidence of discipline imposed for

---

[2] Board's counsel also raises the point that the label "unfounded" does not establish the falsity of a charge, citing Cookson v. Schwartz, 556 F.3d 647, 655 (7th Cir. 2009).

4

failing to properly supervise her class is also excluded.

      6. Plaintiff agrees that a mini-trial on the issue of whether she assaulted a student would be extremely prejudicial and would tend to distract and confuse the jury. But plaintiff strongly objects to the admission of evidence that the accusation was made or was investigated without allowing the jury to also know that DCFS determined the accusation to be unfounded.

      7. Evidence that the accusation was unfounded is relevant not to show that the accusation was false, but simply to explain why plaintiff was allowed to return to normal classroom duties without having another responsible adult present in the classroom.

In sum, then, the Dkt. 61 motion is denied as submitted (with the introduction of evidence as to the Department's ruling to be coupled with an appropriate limiting instruction). If however Board's counsel elects to opt for the other alternative posed by Green's Response (scarcely a Hobson's choice), the motion to exclude the challenged evidence would be granted.[3]

## Dkt. 62 and the Dkt. 66 Response

Lastly, Board seeks to bar Green from introducing evidence of any potential jobs that Green believes she should have received during the 2002-03 and 2003-04 school years--it challenges Green's deposition testimony as too speculative to support the introduction of those matters. Green's counsel responds in two ways:

---

[3] Both Green's counsel and this Court should of course be advised substantially in advance of trial which alternative Board has chosen.

1. Because the parties have agreed to a trial bifurcated between a liability phase and a damages phase, the motion need not be addressed at this time.

2. As paragraph 2 of the Dkt. 66 Response puts it:

> Plaintiff agrees that she cannot ask the jury to guess as to value of lost job opportunities or to assume that plaintiff was not given any particular job, such as summer teaching, as retaliation for filing of a claim of sexual harassment. Obviously, plaintiff will have to prove liability and damages at trial.

This memorandum order will disregard the first of those contentions, because the whole point of a motion in limine is to allow the parties to prepare in advance of trial, so that the substantive question deserves an early answer. As for the second contention, counsel for the parties are really not in disagreement on the required standards of proof. What the matter boils down to is a determination that this Court must make on the basis of the proffered testimony at the time of trial. Hence the Dkt. 62 motion is denied, but without prejudice to its being reasserted at the time of trial.

## Conclusion

For the reasons already stated, each of Board's three motions in limine is denied (but, as indicated, with some potential later qualification). Finally, the Order had also required the parties' counsel to "transmit letters to this Court, with copies to opposing counsel, identifying their respective

6

unavailabilities for trial during the period from July 6 through October 29, 2010." Because of the delay that has taken place, counsel are now ordered to provide such letters on or before July 19 covering the period from August 30 through December 30, 2010.[4]

                                                           _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date:  July 6, 2010

---

[4] As before, the term "unavailability" should take account of any witness unavailability as well as counsel's own schedules.

7